## Shalamanda v. Laudeman

*H. Franklin Kehler*, for plaintiff.
*E. Mac Troutman*, for defendant.

CURRAN, J., June 1, 1959.—Plaintiff instituted the present trespass action to recover damages to a truck allegedly owned by him and driven by his son. The damages resulted from an accident which occurred on September 19, 1958, and did not exceed $2,000 as set forth by plaintiff in his complaint. An answer was filed to this complaint, plaintiff's son was joined as an additional defendant and upon praecipe being filed, a board of arbitrators was appointed to hear the case.

In the meantime, defendant filed a cross action to no. 416, January term, 1959, for the damages to his vehicle, as well as personal injuries, alleging the damages in his complaint as being in excess of $5,000. The

court upon petition of defendant, Paul Laudeman, granted a rule to show cause why the actions should not be consolidated for jury trial. Plaintiff opposes this rule on the ground that arbitration is compulsory under Rule of Court No. 317, as amended.

Defendant relies on Pa. R. C. P. 213(a), which provides as follows:

"(a) When actions involving a common question of law or fact are pending before the court, the court on its own motion or on motion of any party may order a joint hearing or trial of any or all the matters in issue in the actions, may order all of the actions consolidated, and may make such orders concerning proceedings therein as may avoid unnecessary costs or delay."

Allowance of consolidation under the above rule is discretionary with the court.

An examination of defendant's complaint filed in the cross action reveals medical expenses of $37 and other special damages amounting to $815 (auto damages, $575; loss of wages, $240). The claim for pain and suffering appears disproportionate to the medical bill of $37. An investigation may be directed under Pa. R. C. P. 1044(d) to determine if such cases should not fall within the arbitration rule. However, without directing such investigation at this time, we disallow the application for consolidation.

A further reason for denying the application for consolidation is found in Swan v. Malishiski, 47 Luz. 35, and Koch v. Carroll, 48 Luz. 189. Rule of Court 317, as amended, adopted pursuant to the Act of January 14, 1952, P. L. (1951) 2087, 5 PS §30, as amended, also provides for compulsory arbitration as in the above cases.

And now, June 1, 1959, the rule heretofore granted is discharged and the petition is denied.

And now, June 1, 1959, upon motion of counsel for defendant, an exception is noted.